Good morning, Your Honors. May it please the Court, Brian Black on behalf of Honolulu Civil Beat, I would reserve three minutes for rebuttal. Just keep an eye on the clock, please. Yes, sir. Civil Beat made a FOIA request for two closed FBI investigations. Senator English and Representative Cullen have been released from prison for over two years. The FBI takes the extreme position that nothing from its internal files can be disclosed about those public prosecutions. Well, that's a little more than they did. They said there's some part of the files that won't be disclosed. That's what they said. And it's not a big part that is disclosed, but they didn't say that all wouldn't be. In fact, they disclosed some, right? And so that's the word internal files. The things that they disclosed were all court filings. Okay. But what they did was they produced a bond index of what they were supposed to, of what they were producing and what they weren't producing, right? They produced something that they called a bond index. Okay. All right. I don't want to argue about that. There was an index. We call it a bond index, and you say it wasn't properly done. They produced two declarations in support of the application, right? That's correct, yes. The bond index was about 30 pages? Yes. The Seidel Declaration was 70 pages? Yes. The Nohara Declaration was another five pages, right? Correct. Now, when I look at the Seidel Declaration, and I'm just trying to look at these to see whether this is appropriate or not. When I look at the Seidel Declaration, it categorizes documents, right? It identifies two categories for categorical withholding. One is evidentiary investigative materials, and the other is administrative materials for withholding. And it includes a table describing how the disclosure of the documents within those categories would be harmful, right? It identifies a standard litany of harm, such as tampering with evidence, fleeing the country, creating alibis, things like that, correct? Well, I don't want to go through each one, but I went through to see what they said. For example, they say information provided by interview subjects may reveal the identities of interview participants and or other provided information. I mean, they went through each one and said why they weren't producing it, right? That's correct. Then, another table with a description about the types of documents, right? Such as emails, correspondence, 302s, operational documents. It says documents include FD302s that may be later used as testimony or evidence in court trials or proceedings. It says videos that are recorded images of surveillance activities. It says third party information that includes documents or information received from third parties. I mean, it went through to put that together. Now, the reason I ask you that is I just, I'm leading up to this question. I looked at Shanahan versus the IRS. And in Shanahan, we said the government's factual showing was sufficient. Seems to me this is the same as what happened in Shanahan. The government prepared a bond index. They were arguing about whether it was a sufficient index. And the bond index is not required. They provide an explanation of how the documents were selected. They provided an explanation of the harm that would be caused by the released documents. And they provided an explanation for why the exempt documents could not be segregated. I'm only reading this because that's what they said. So this seems to be Shanahan too. Why should I do any different than we did in the first Shanahan? So Shanahan was different, Your Honor, because there were three rounds of summary judgment. The first round of summary judgment was the equivalent of what we have here. The district court in that case said the harms that were identified were too generic. And so then the court went through several other rounds of summary judgment, including production of records for in-camera review eventually at the end. And this court had a much more robust record that the court identified as being a meticulous development of the record, which we do not have here. Mr. Brack, I guess maybe another potential sequel could be Lewis too. So Lewis, we have a footnote where we describe the affidavits. And I think I take your argument that you view the FBI as taking the position that any ongoing investigations of public corruptions. So as a baseline, both Nohara and Seidel contain the recital that the FBI continues to investigate public corruption matters that are directly associated with the investigations into Mr. English and Mr. Cullen. So that's defining a scope and a basis. And then if I look to Lewis in terms of what the government gave us to work with there, it seems to contain a shorter recital of the details of the harms that would follow from disclosure into those ongoing investigations than we have here. So why doesn't it get over Lewis? So Lewis, Your Honor, was the key to Lewis is understanding that the declaration of harm that the FBI submitted was not disputed. There was no dispute at all by Lewis as to the fact that revealing the information that he was requesting would provide information that he did not already have. And because of that, the only thing that Lewis teaches is that when you have a set of records that are undisputedly exempt, you don't have to do a Vaughn Index and you don't have to do in-camera review. That's what Lewis teaches. But what we have here... Even for 7A, do you disagree that a Vaughn Index would be futile for a 7A exemption? I think a Vaughn Index is futile for any categorical withholding. And that's what we have here, and I think that's what needs to be distinguished, is that although, yes, they did all of this stuff in terms of the declarations and the Vaughn Index, what they're asserting is a categorical exemption. But as I understand... I guess there are different ways of viewing... Categorical is ambiguous. But as I understand, with respect to 7A at least, categorical descriptions have been permitted. I get there are three categories here, maybe you'd like to see more, but the ones that are withheld are the investigative and the administrative ones. And then those are tied to the recital, that there are continuing investigations directly associated with this. And if there's a continuing investigation, it strikes me that in general, the courts have been pretty deferential to several categories of withholding under 7A. I think the one thing... Several differences, I think, there, Your Honor. I think one is that categorical is not an ambiguous concept. It's a term of art. And the Supreme Court has been clear that when you have a categorical withholding claim, the standard there is that whatever the specified category is, it can be withheld always. So the example of that is a rap sheet under reporters' committee. It doesn't matter what the facts are in every instance. It doesn't matter who the rap sheet's about. In every instance, a rap sheet is withheld under the privacy exemptions because the privacy interest is high, public interest is low, and when you balance it, it always comes to exemption. And when the court looked at categorical withholding under 7A in Robbins-Tyre, it expressly said that withholding records because they're investigatory would contradict Congress's intent when it amended FOIA in 1974. Congress expressly rejected the concept in prior cases that said that you could withhold records simply because they were investigatory. And that's because what they did was in 1974, they changed it from before 74, it was investigatory files. But then after 74, the focus is on records or information. It's not on just categorizing it as investigatory files. But I guess if we take the Nohara and the Seidel together, Seidel has, I guess, whether it's categorical or not, it may be disputed, but as Judge Smith pointed to, it's quite detailed in terms of the groups of different files and the reasons why those groups of files that, again, it says, and that are related to a directly associated ongoing investigation. Why isn't that detail enough? Because when you turn away from the categorical test, if you're going to look at it and you're going to look at the declarations, which look at things based on a fact-based withholding, so you're looking at it in terms of they say that they looked at it, and they said it's good enough. They think it falls within the exemption. This court, there's several problems with that. I think this court has never simply deferred to an agency because they say that it's good enough. But it also, the problem there is that they're applying two different standards. Once you start looking at facts, this court has always required more information from the agency as far as proving, showing their work. They have to show and connect the dots. Well, I guess we've also expressed some concern that we can't require the agency to show something that kind of gives away the game. So what else would you like to see? What sorts of things do you think would be required in these declarations to support the exemption? So for example, just as one concrete example, and I think there are others that could be provided, there was a March 11 bribe that we know all about that bribe. We have detailed verbatim quotes from that bribe that is in the public record. None of that information was revealed at all. Those records, they're definitely FBI records in their internal files that would reflect the exact same facts that are all publicly known. And this court's decision in Lyon-Raisin makes clear... I guess what do you mean by it in terms of what is the... So for example, it could be a informant's account and you could see, well, the agency would have reasons to do that. It could be a transcript of a recording, but of course then the transcript might then have a date associated, which could also provide information. So can you just be a little more specific about what do you think is underlying there that the government should be required to provide more information about? So we have, and it's not just information that would be required in a Vaughn Index. I think they have to disclose those records. If there's a transcript that has the exact verbatim quotes that are recited in the plea agreements and in the sentencing memorandum, there is no reason that that information should be withheld. Whoever it is that is the target of some other investigation already has that information. And what this court said in Lyon-Raisin is that that's where the concern about interference comes from. So if the counterparty is a potential witness in one of these directly associated investigations, and I guess you don't dispute that there are directly associated investigations going on. We can at least defer to that point that there is an ongoing investigation for purpose of the elements of the test. That's correct. And what we would say is that you can't categorically withhold. It is not always something that can be withheld simply because there is some investigation that's ongoing. And to have that type of categorical withholding would be completely inconsistent with Lyon-Raisin because Lyon-Raisin there was an active investigation and the issue was whether or not the information was available to the target. And here we have information that was available to the target, has not been disclosed. Regardless of whether there's an active investigation, not everything should have been withheld. And that's the key point. And I'd like to reserve the rest of my time. Thank you. We'll give you two minutes. Thank you.  Thank you. May it please the court. Turning with the first exemption, 7A. All the FBI has to do under clear, well-setted, settled Ninth Circuit law is demonstrate that the disclosure would interfere with enforcement proceedings that are pending or reasonably expected. And again, under Ninth Circuit law, categorical withholding under Exemption 7A is appropriate. So under Lyon-Raisin, it says with as much factual support as possible, just to pick up where we left off with your friend, why would it not be more possible? It's clear that there are transactions that were charged here that have some evidence in the internal files that is not present in the court filings. Why couldn't the agency provide more support for some of those categories of documents? Well, and as Your Honor's own question previously also pointed out, is there's extensive case law that says the government is not required to give up its cards. It doesn't have to provide more facts, more dates, more information that would reveal the scope, the nature, the pace, the direction of the ongoing investigation. And that's what would happen here. I guess it's difficult because we have a closed case and there's a set of cases about the closed case problem, much harder for the government to withhold under 7A. And then we have kind of, seems like it wouldn't be enough to just say we have ongoing public corruption investigations into the Hawaiian state government or legislature. So, I mean, you may disagree, but it doesn't seem like our cases take us that far. So what we have here is a statement that there are ongoing investigations directly associated with these defendants. Is there more that the agency could say to give the court and the public something to work with under 7A? No, and I don't think any more is required under 7A, Your Honor. The Ninth Circuit gives special or considerable deference to good faith declarations by people with knowledge. And we have two of those, people with knowledge, somebody here local, Aaron Nohara is on the ground, he's a special agent, discussing how releasing any more information would be problematic. There are... Or asserting that releasing any more information would be problematic, but I think the point of the question is not really explaining how that is, and in particular, how that can be true with respect to all of the many thousands of records here, in an investigation about two people who were already convicted and one person who's now dead. And so, I guess just on the face of it, it's just sort of hard to understand how there's nothing in there that isn't just about those people and doesn't really have anything to do with the other person or persons who may be the target of the ongoing investigation. And I think the explanation of that is what I think is not present in either declaration. So, how do we fill in that gap? And I think Mr. Seidel elaborates more on the breadth in those two tables that were referenced in paragraphs 40 and 41 of his declaration, where he describes the types of forms, the memorandum, the handwritten notes, the source information, where there's information related to other witnesses. But I guess, as your friend kind of pointed, I mean, so Mr. Seidel in Washington, D.C., is kind of above, not a local person, not involved in this investigation, either the past one or the current one in terms of... He's not the boots on the ground, correct. That would be Aaron Nohara. It's just in looking at it, I take your friend's point that this looks a little boilerplate-like. I mean, yes, if it's true that if we accept the premise that there's an ongoing investigation that are directly associated with these defendants and that these documents relate to that ongoing investigation as opposed to the past investigation, sure. But as to every box on these charts, there's no particular detail in these charts that kind of close that loop. What other detail could be provided? I mean, if we're talking about names,  informants, locations,  that kind of information is exactly what would reveal the very information that the FBI is trying to protect. Let's take, for example, conversations that we can assume have been recorded somewhere in these notes or something that are between the key counterparties to the past investigation where you have two people who are known to be convicted and sentenced and a counterparty who is deceased. Are there documents, is it fair to assume that there's probably documents, transcripts, other things that are recording those transactions? Well, if we look at the Vaughn Index, which is extensive, and compare that with the declarations, we can see what the recordings are and the basis for those withholdings. But we have and just to clarify for the record, Milton Choi was a confidential informant. Civil Beat apparently has taken the position that he was the only confidential informant, which is based on pure speculation. We have Seidel's declaration that says there's more than one... That's why I asked you only about Mr. Choi and the defendants, the known defendants. So we have the declaration of Aaron Nohara who said he reviewed the segregability determination, he reviewed the file, and he confirmed that the information contained in resulting from their search in the requested, the FOIA request, is so intertwined that it cannot be reasonably segregated. So is the answer... I mean, so I thought... Well, I don't know whether this was the question. Here's my question. So if somewhere in the files there is a document that is just a record of a conversation among Mr. Collin, Mr. English, and Mr. Choi talking about a transaction that was the basis for one of the charges in this case, it's your view that release of that document, which doesn't say anything about any other confidential informant, doesn't involve anybody else, release of that document would interfere with the ongoing investigation? I don't think I can answer it that way for 2 reasons. One, I cannot confirm that that particular document exists. That there in fact exists something that is only between 3 people that doesn't involve anybody else that no one else participated in that doesn't release that phone call transcript, what have you, doesn't include relation or information related to something else. Let's call it a hypothetical then.  thank you. I cannot answer that hypothetical the way, because I don't know that that exists. I'm not the one Now that it's  you can't suppose it does exist. In that case, if there is zero information contained in that transcript that has nothing to do with anything of the ongoing investigation, I don't think that exists based on the 2 declarations we have in front of us. And where would I look in the declaration to confirm that no document like the one I just described exists? I think that is a combination of Nohara's  at paragraphs 10 through 14 and Mr. Seidel's  declaration in his where he discusses each of the categories and then his segregability citation is paragraphs 128 through 129 of his declaration that's 3 ER 355 I believe and then I think also we can if the court would like we can go through the Vaughn index and look at every single if we want to move beyond the categorical withholding and look at the basis for every single document that's been identified has multiple reasons for being withheld in whole in part or in part     which again Seidel and Nohara have tested to is meaningless when you look at the totality of the page. Could you address the D.C. Circuit's decision in CRU 1 2014 case? That seems to me to be fairly similar in that you had an investigation of somebody that was convicted and an investigation of Mr. DeLay that was publicly announced that the  of him had been concluded and the request is for records of that concluded investigation and it's withheld under 7A because it might affect future investigation and the D.C. Circuit said essentially maybe you can justify this under 7A but you need to tell us something about why the records from this closed investigation and why and how they're going to implicate the future one and this blanket assertion that they're all tied together isn't good enough  why isn't this kind of like that?  originated with the investigation into Jack Abramoff and that led to the 21 convictions or guilty pleas of others two of whom were the top aides of Tom DeLay so with the request for  the last person standing the senior most person in the investigation announced publicly that the investigation into him was  and the question of that the court considered there was why did the FBI and the DOJ go after everybody but Tom DeLay did it was there was did something nefarious happen was the investigation on going is it closed because everybody's done and you have a  saying everybody done the DOJ attorney said well it is in fact closed all we have left is this appeal and that wasn't that didn't satisfy 7a because it was in fact closed that is not the case here this could not be more different we do not have a closed investigation we have two declarations the investigation is ongoing in anticipation of a question like this I spoke with agent recently he confirmed that the investigation is ongoing nobody has been informed that the  is closed let me go a different way this is close to where I am but in general when I am looking at these I am  at the government withholding documents while investigating individuals subject to the document request so they would be those who are already being persecuted or whatever in this particular situation we are not after those kind we are withholding documents about an investigation into third parties we are not the department of justice the D.C. circuit said hey there is not as much reason to help the  in those situations with the  parties that and in fact the D.C. circuit ordered to  because they were less inclined to infer harm to the government now I said to myself why is that not something I should do here I think this case this is not about third second parties this is not about the parties who are subject to the criminal charges brought against Cullen or English  related to the criminal investigation I think                 and it happens that encompassed in that very broad request any and all materials gathered or produced in a six-year time range have to do with other investigations I think this is more like the Boyd case out of D.C. where the D.C. criminal defendant was convicted his appeal was affirmed and he thought he had a case against an informant and FOIA those records the D.C. Court of  agreed with the Department of Information investigative techniques witnesses sources wasn't true the district court said the investigation was still ongoing people hadn't been sentenced yet cases still going and what the  said was the relevant question is whether any of the responsive record assuming some individuals remain under investigation the relevant question is whether any of the responsive records which are primarily about delay would disclose anything relevant to the investigation of those individuals and it       about 2 people who are convicted and one person who is deceased and some of it might have to do with those other people but some of it might not. And I think the FBI took that guidance from crew and created this very extensive declaration based on that that provided the specific road map the tables and the descriptions the lengthy the 7 A the categorical withholding is described by Dell in 7 pages of information that's just 7 A notwithstanding the other investigative components 7 D which relates to confidential informants 7 E which relates to investigative techniques that are not known that would interfere with the FBI's ability to conduct investigations into widespread public corruption. I mean just to take one example of Mr. Seidel's categories on page 18 he says information provided by interview subjects and then we get a paragraph describing you know how interviews work and sort of what is in interviews which I don't think anyone would question any of that but it seems to beg the question which is are these interviews about anything that's relevant to the investigation that's still ongoing or are the interviews just about something that's done and that's something he doesn't say anything about. What Seidel and Nohara say in the span of this 6 pages of the 7A declaration is that these categories of documents exist and if they were revealed they would impede the ongoing investigation because they would thwart it by revealing the scope and direction pace of the investigation. They would alert witnesses they would alert potential targets. I guess to focus on the key sentence here in both of the affidavits the information evidence contained in the FBI's investigatory files could be used in the government's future prosecution of corruption by other public officials. Not likely which sometimes we've seen is the test not there's lots of stuff that could be used that doesn't necessarily answer the question that 7A presents. That's the only thing other than general discussions of FBI investigative techniques and resulting materials and the types of general harms that might flow from those that either of these declarations have. Why is that enough? I think that is the Hamden case your honor and the Lion Reasons cases both the 2004 2007 and the Hamden cases. All of those Ninth Circuit cases say that we can take the declarations at face value absent any contrary evidence in the  We do not have any contrary evidence in the  Do you agree with your friend's reading of Lewis in terms of the affidavit that the affidavit there seems to be a little less than what we have here. But it is quite a hard case to read to try to figure out what exactly we found was sufficient and what the case was about. What should we do with       Or do you agree that that wasn't actually an issue because the sufficiency of the affidavit was not in dispute? I do think that the sufficiency of the affidavit was in dispute. I think in that case, there was a combination of  declarations. You can have two declarations and a Vaughn index. What matters is the information that is presented. And there it was decided that the Vaughn index was unnecessary because of the categorical withholding. Because 7A categorically protected the ongoing investigation, a Vaughn index was     categorical withholding. The FBI went ahead and briefed everything else so that every single exemption was identified and explained in sufficient detail, warranting substantial or considerable special deference that's awarded to the declarants by the Ninth Circuit Court of Appeals. I see I'm substantially over time. I thank the court and ask the court to  Thank you. We've been talking about the D.C. Circuit a lot, so we're doing a D.C. Circuit-style time-limited enforcement this morning. Mr. Black, rebuttal. Just a few issues, your honors. The counsel discussed there was a broad request. If the FBI interpreted it as a broad request, they still need to  what's not exempt, and that didn't happen. With respect to whether there's contrary evidence in the record, I think the fact that there are public information available in this other investigation, that is contrary evidence in the record. It's not addressed by the declarations. The  should have at least addressed the fact that there is public information available and whether or not that could be  specifically. With respect to whether or    would reveal the limits and scope of the IRS's case against Lewis. And then also, quote, Lewis does not rebut this statement. So Lewis was not about the sufficiency of the declarations in that case because it was not disputed as far as. At the beginning of that paragraph it says the affidavit submitted in this case described in sufficient detail the undisclosed materials. Certainly sufficient for purposes of undisputed, yes. But when you have, and I would point to   based on our say so and exemption applies, the agency has to earn that weight. What is it that you dispute and what are we supposed to do with that given the deference and de novo review and summary judgment. Can you be able to point us to where we should look to see the underlying facts that you dispute that would undermine the efficiency of the 7A exemption. Again, taking it to a specific broad, I think the. Where should we look in the record? Again, pretending this is an ordinary summary judgment case, it doesn't look like that tends to be how we treat them, but where do we look to establish the more that the government needs to come forward with to put those disputes to rest? If I understand the question, and I apologize if I don't understand it correctly, but if I understand the  I think that there is evidence in the I don't think the record is publicly available. And the dispute comes from whether or not the declarations address that information, and they don't. So the public information that's available is about the bribes. It's about the information that's in the plea agreements and in the  information, in the sentencing statements, in Cullen and English's prosecutions. All of that information is publicly available. It's detailed. It has verbatim quotes, and yet none of it is addressed in the declarations. And the problem is that this court on a de novo independent assessment needs to be able to track and support what it is that the agents are saying as far as the exemption applies. Because when you're doing fact-based withholding, and again, distinguishing fact-based and categorical, they're claiming categorical. Categorical means that it's not just this case. In every case, investigative materials can be withheld because of pending investigation. That's clearly not the standard. So if you're talking about fact-based, they have to show their work. They have to show how the lines connect. That's what crew requires. And a good example of    It was a national security case, and what the court said in that case was it's not a reasonable inference just based on what the agency is saying. Then they cite the litany of standard harm similar to what's here. They say it's not reasonable given all the facts and the evidence. And here, when you look at all the facts that are in the evidence, all the public information that's  the idea, and this is what crew is getting at, the idea that it's is it objectively reasonable that releasing the information that is publicly available, that's a verbatim quote from Choi in English, is that going to cause harm? All right. Thank you very much. We thank both counsel for their helpful arguments in this case. The case is submitted and we're adjourned. All rise.
judges: SMITH, MILLER, JOHNSTONE